J-S39029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRIS ALLEN NEAL, | |
| Appellant | No. 1996 MDA 2015 |

Appeal from the PCRA Order November 5, 2015
in the Court of Common Pleas of Lebanon County
Criminal Division at Nos.: CP-38-CR-0000465-2012
CP-38-CR-0000467-2012

BEFORE: STABILE, J., PLATT, J.[*], and STRASSBURGER, J.[*]

MEMORANDUM BY PLATT, J.: **FILED MAY 17, 2016**

Appellant, Chris Allen Neal, appeals from the order denying his counseled first petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546, after a hearing. On independent review, we agree with the PCRA court that Appellant's petition is untimely on its face with no cognizable exception to the statutory time-bar properly pleaded and proven. Accordingly, we affirm.

Appellant and his partner operated Bad Boy[s] Toys stores in Cumberland, Lancaster, and Lebanon counties, at which they sold synthetic

---

[*] Retired Senior Judge assigned to the Superior Court.

marijuana, "bath salts,"[1] designer drugs, and similar products. (***See*** PCRA Court Opinion, 11/05/15, at 2-3).

On June 4, 2013, Appellant entered a counseled plea of *nolo contendere* at docket no. 467-2012 to two counts of possession with intent to deliver (PWID), and two counts of conspiracy to commit PWID.[2] The same day, he pleaded *nolo contendere* at docket no. 465-2012 to one count of corrupt organizations-employee; one count of conspiracy to commit corrupt organizations-employee; one count of dealing in proceeds of unlawful activities; one count of conspiracy to commit dealing in proceeds of unlawful activities; thirteen counts of PWID; three counts of selling a non-controlled substance similar to a controlled substance; three counts of

_____

[1] The DEA explains so-called bath-salts as follows:

> Synthetic stimulants[,] often referred to as "bath salts[,]" are from the synthetic cathinone class of drugs. Synthetic cathinones are central nervous stimulants and are designed to mimic effects similar to those produced by cocaine, methamphetamine and MDMA (ecstasy). These substances are often marketed as "bath salts," "research chemicals," "plant food," "glass cleaner" and labeled "not for human consumption," in order to circumvent application of the Controlled Substance Analogue Enforcement Act. Marketing in this manner attempts to hide the true reason for the products' existence—the distribution of a psychoactive/stimulant substance for abuse.

Source: U.S. Drug Enforcement Administration Drug Fact Sheet, accessed April 15, 2016.

[2] 35 P.S. § 780-113(a)(30), and 18 Pa.C.S.A. § 903(c), respectively.

knowingly or intentionally manufacturing or distributing a designer drug; and three counts of delivery or intent to deliver drug paraphernalia.[3]

It bears noting that Appellant entered his plea on the eve of trial and after a jury panel had been selected. (**See** PCRA Ct. Op., at 3).[4]

On September 25, 2013, the court sentenced Appellant under both dockets to an aggregate term of not less than five nor more than fifteen years' incarceration. (**See id.**). No direct appeal followed. On or about March 9, 2015, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition.

After a PCRA hearing on August 27, 2015, the PCRA court denied Appellant's petition, in an order with accompanying opinion, on November 5, 2015, as untimely. This appeal followed on November 16, 2015.[5]

---

[3] 18 Pa.C.S.A. § 911(b)(3), 18 Pa.C.S.A. § 903(c); 18 Pa.C.S.A. § 5111(a)(1), 18 Pa.C.S.A. § 903(c); 35 P.S. § 780-113(a)(30); 35 P.S. § 780-113(a)(35)(i), 35 P.S. § 780-113(a)(36), and 35 P.S. § 780-113(a)(33), respectively.

[4] Three of Appellant's co-defendants had already pleaded guilty, been sentenced, and were set to testify for the Commonwealth. (**See**. N.T. *Nolo Contend[e]re* Plea, June 4, 2013 [filed 9/18/15], at 4). The trial court explained the premises and procedure of the *nolo* plea in great detail and engaged in an extensive colloquy directly with Appellant before finding his plea to have been made "freely, intelligently, and voluntarily." (**Id.** at 23-24; **see also id.** at 6-24).

[5] Appellant filed a concise statement of errors on November 23, 2015. On November 25, 2015, the PCRA court filed a Rule 1925(a) opinion, referencing its order and opinion of November 5, 2015. **See** Pa.R.A.P. 1925.

Appellant raises eight overlapping issues on appeal, framed as three questions, for our review:

1. Whether [the] PCRA Court erred when it denied Appellant's Petition as being untimely, where Appellant's time-restraint meets an exception requirement as set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii)?

2. Whether Appellant was denied his constitutionally-guaranteed right to due process when he was unlawfully induced to plead *nolo contendere* and therefore could not proceed with a trial, where:

   a. Trial Court placed a three (3) day limit if Appellant took his case to trial, thus, causing an undue burden on Appellant to present his defense;

   b. Trial Court refused to allow Appellant to present relevant, exculpatory evidence in the form of reports, if Appellant took his case to trial, where the Commonwealth filed a suppression motion on the day of jury selection;

   c. The Commonwealth prevented Appellant from calling a key witness, *inter alia*, Luis Toro by:

      i. Threatening said witness that he would have to serve "state time" since he had been given a "sweet deal" in exchange for testifying against Appellant, where Mr. Toro's attorney was not present, and where Mr. Toro had already been held in the jail beyond his release date.

      ii. Filing a suppression motion on the day of jury selection, barring Appellant from calling key witnesses on his behalf?

3. Whether Appellant was denied his constitutionally-guaranteed right to due process when Appellant was subject to selective prosecution, where the business owners selling identical products were not subject to criminal prosecution, but rather, given the opportunity to turn-over their products to the authorities?

(Appellant's Brief, at 4-5).

In reviewing the propriety of an order granting or denying PCRA relief, this Court is limited to determining whether the evidence of record supports the determination of the PCRA court, and whether the ruling is free of legal error. *See Commonwealth v. Liebel*, 825 A.2d 630, 632 (Pa. 2003). Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record. *See Commonwealth v. Wilson*, 824 A.2d 331, 333 (Pa. Super. 2003), *appeal denied*, 839 A.2d 352 (Pa. 2003).

However, before we may review Appellant's claims on the merits, we must determine if his petition was timely filed. "It is a well-settled principle of law that if a PCRA petition is untimely filed, a court lacks jurisdiction to address the claims contained therein." *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007), *appeal denied*, 932 A.2d 74 (Pa. 2007) (citing *Commonwealth v. Gamboa–Taylor*, 753 A.2d 780 (Pa. 2000).

Pursuant to 42 Pa.C.S.A. § 9545(b)(3), "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."

> [W]hen a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims.

- 5 -

***Gamboa-Taylor***, ***supra*** at 783.

The PCRA provides three exceptions to the time-bar:

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b)(1), (2). "It is the petitioner's burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa. 2008), *cert. denied*, 555 U.S. 916 (2008).

Here, as already noted, after Appellant entered his *nolo* pleas, the court sentenced him on September 25, 2013. Because he did not file a direct appeal, his judgment of sentence became final thirty days later, on October 25, 2013, when the time to file an appeal expired. Therefore,

- 6 -

Appellant had one year, or until October 25, 2014, to file a timely PCRA petition. Accordingly, his instant petition, filed March 9, 2015, is untimely on its face unless he pleads and proves one of the three statutory exceptions to the time bar.

Appellant maintains that he meets an exception to the time-bar. (**See** Appellant's Brief, at 11). Contrary to his contention, none of the claims he raises satisfy any of the three statutory exceptions. In particular, Appellant claims newly discovered facts. (**See** Appellant's Brief, at 24).

However, on independent review of Appellant's somewhat discursive argument, it becomes evident that the alleged newly discovered facts are no more, at best, than Appellant's purportedly evolving perception of the effect of various evidentiary and length of trial rulings made by the trial court prior to the plea. (**See e.g.**, **id.** at 28) ("Furthermore, the aforementioned situation [exclusion of police report containing supposed legal conclusions on key issues of case] is **tantamount** to newly- or after-discovered evidence as Appellant was not aware that he was potentially permitted to question [the police chief] regarding his report, had he opted to take his case to trial.") (emphasis added).

First, it is self-evident that trial court rulings made prior to the plea were not "unknown" to Appellant, who was present at his own proceedings, including the pre-trial hearing. At the very least, e.g., where the claim is premised on counsel sidebar conferences with the trial judge, if the facts

were not already known by Appellant, they could have been learned through the exercise of due diligence by Appellant's immediate direct inquiry with plea counsel.

Furthermore, our Supreme Court has held that "the [after-discovered facts] exception does not apply where the petitioner merely alleges that more competent counsel would have presented other claims based on a better evaluation of the facts available to him or her at the time of trial[.]" **Gamboa-Taylor**, **supra** at 786. (citation omitted).

Appellant alternatively claims he was "**essentially abandoned**" by counsel. (Appellant's Brief, at 25) (emphasis added). Yet, by his own admission, "[w]hile [p]lea [c]ounsel **continually supported** Appellant's decision to file a PCRA [p]etition, he had never advised Appellant of the deadline in which the [p]etition must be filed." (**Id.** at 24) (emphasis added). Neither of these contradictory assertions supports a claim of newly discovered facts. Nor are they supported by reference to controlling authority.

Appellant argues that because he filed his *pro se* petition within sixty days of receiving what he deems to be "final discovery" from plea counsel, he complied with the sixty-day rule. (**Id.** at 25). However, Appellant fails to identify any new facts received by him through this ongoing process which were not previously known to him or discoverable by the exercise of due diligence.

- 8 -

None of the other various complaints about the pre-trial rulings raise a cognizable exception to the time-bar. The PCRA court properly determined that Appellant's petition was untimely with no statutory exception to the time-bar proven.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/17/2016